Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ  85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Douglas Smythe; | ) | No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Resurgent Capital Services | ) | |
| LP; LVNV Funding, LLC; | ) | |
| Experian Information | ) | |
| Solutions, Inc.; Equifax | ) | |
| Information Services, LLC; | ) | |
| | ) | |
| Defendants. | ) | (Jury Trial Demanded) |
| | ) | |

**I.  Preliminary Statement**

1.    Plaintiff brings this action for damages based upon
      Defendants' violations of the Fair Debt Collection
      Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.
      and / or the Fair Credit Reporting Act ("FCRA"), 15
      U.S.C. §§ 1681 *et seq*.  Plaintiff seeks recovery of

1    statutory damages, actual damages, punitive damages,

2    costs and attorney's fees.

3                        **II.   JURISDICTION**

4   2.  Jurisdiction of this Court, over this action and the

5       parties herein, arises under 15 U.S.C. § 1692k(d)

6       (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. §

7       1331.   Venue lies in the Phoenix Division of the

8       District of Arizona as Plaintiff's claims arose from

9       acts of the Defendants perpetrated therein.

10                         **III.   PARTIES**

11  3.  Plaintiff resides in Maricopa County, Arizona.

12  4.  Plaintiff is a "consumer" as that term is defined by

13      FDCPA § 1692a(3) and FCRA § 1681a(c).

14  5.  Defendant Resurgent Capital Services, L.P. is a

15      foreign limited partnership doing business within

16      the state of Arizona as a collection agency.

17  6.  Resurgent is licensed as a collection agency by the

18      Arizona Department of Financial Institutions,

19      license number 0905404.

20  7.  Resurgent collects or attempts to collect debts owed

21      or asserted to be owed or due another.

22  8.  In the alternative, Resurgent collects or attempts

23      to collect debts it has purchased or acquired after

24      default.

25  9.  Resurgent is a "debt collector" as that term is

                              - 2 -

1    defined by FDCPA § 1692a(6).

2    10.  Defendant LVNV Funding, LLC is a foreign limited

3         liability company doing business within the state of

4         Arizona as a collection agency.

5    11.  LVNV collects or attempts to collect debts owed or

6         asserted to be owed or due another.

7    12.  In the alternative, LVNV collects or attempts to

8         collect debts it has purchased or acquired after

9         default.

10   13.  LVNV is a "debt collector" as that term is defined

11        by FDCPA § 1692a(6).

12   14.  LVNV is a "person" as that term is defined by FCRA

13        § 1681a(b).

14   15.  LVNV is a "furnisher" of information as contemplated

15        by FCRA §§ 1681s-2(a) and (b), who regularly and in

16        the   ordinary   course   of   business   furnishes

17        information  to  one  or  more  consumer  reporting

18        agencies about consumer transactions or experiences

19        with any consumer.

20   16.  Experian Information Solutions, Inc. is an Ohio

21        corporation conducting business within the state of

22        Arizona.

23   17.  Experian is a "person" as that term is defined by

24        FCRA § 1681a(b).

25   18.  Experian is a "consumer reporting agency" as that

term is defined by FCRA § 1681a(f).

19. Defendant Equifax Information Services LLC is a Georgia limited liability company conducting business within the state of Arizona.

20. Equifax is a "person" as that term is defined by FCRA § 1681a(b).

21. Equifax is a "consumer reporting agency" as that term is defined by FCRA § 1681a(f).

## IV.   Factual Allegations

22. In or about 2003, Plaintiff opened a credit card account with Bank of America.

23. The charges made on the Bank of America credit card were for personal, family or household purposes.

24. In or about September 2004, Plaintiff defaulted on his payments on the Bank of America credit card account.

25. In April 2007, LVNV sued Plaintiff in the Kyrene Justice Court, Maricopa County, Arizona to collect on the Bank of America account.

26. In the lawsuit, LVNV asserted that it acquired Plaintiff's Bank of America account subsequent to Plaintiff's default.

27. Plaintiff challenged LVNV's claims in the lawsuit, and on August 9, 2007, the Kyrene Justice Court entered an order dismissing the action against

- 4 -

1  Plaintiff "with prejudice."

2  28. Despite the court's dismissal of the case with

3  prejudice, LVNV has continued to attempt to collect

4  the alleged debt from Plaintiff, including reporting

5  the account to the three national credit reporting

6  agencies, including Experian and Equifax.

7  29. Within the past two years, Plaintiff has sent

8  multiple letters to Experian and Equifax disputing

9  LVNV's reporting of the Bank of America debt to his

10  credit reports.

11  30. In June 2009, Plaintiff sent dispute letters to

12  Experian and Equifax disputing LVNV's tradeline as

13  inaccurate and "not mine."

14  31. Upon information and belief, upon receipt of

15  Plaintiff's dispute letter, Experian contacted LVNV

16  concerning Plaintiff's dispute.

17  32. Upon information and belief, LVNV verified to

18  Experian that its tradeline on Plaintiff was

19  accurate as reported.

20  33. Upon information and belief, upon receipt of

21  Plaintiff's dispute letter, Equifax contacted LVNV

22  concerning Plaintiff's dispute.

23  34. Upon information and belief, LVNV verified to

24  Equifax that its tradeline on Plaintiff was accurate

25  as reported.

35. On July 17, 2009, Plaintiff's mortgage company obtained a tri-merge credit report on Plaintiff containing data from all three national consumer reporting agencies, including Experian and Equifax.

36. The July report reflected that Experian and Equifax were both reporting the LVNV tradeline as an open account, with a balance owing of $5,428.

37. In or about October 2009, Plaintiff again sent letters to Experian and Equifax disputing the LVNV tradeline.

38. Upon information and belief, upon receipt of Plaintiff's dispute letter, Experian contacted LVNV concerning Plaintiff's dispute.

39. Upon information and belief, LVNV verified to Experian that its tradeline on Plaintiff was accurate as reported.

40. Upon information and belief, upon receipt of Plaintiff's dispute letter, Equifax contacted LVNV concerning Plaintiff's dispute.

41. Upon information and belief, LVNV verified to Equifax that its tradeline on Plaintiff was accurate as reported.

42. In January 2010, Plaintiff applied for preapproval for a mortgage to purchase a home.

43. As part of the process, the mortgage company

- 6 -

obtained a tri-merged credit report on Plaintiff containing data from all three national consumer reporting agencies, including Experian and Equifax.

44. This tri-merged credit report showed that LVNV was continuing to report its tradeline to both Equifax and Experian as a current collection account with a balance owing of $5,681.

45. In January 2010, Plaintiff again disputed the LVNV tradeline Equifax, and attached to his letter of a copy of the Kyrene Justice Court's order showing the LVNV case dismissed "with prejudice."

46. Upon information and belief, upon receipt of Plaintiff's dispute letter, Equifax contacted LVNV concerning Plaintiff's dispute.

47. Upon information and believe, Equifax did not send LVNV a copy of the Kyrene Justice Court's order dismissing the LVNV case with prejudice.

48. Upon information and belief, LVNV verified to Equifax that its tradeline on Plaintiff was accurate as reported.

49. On February 2, 2010, Equifax sent Plaintiff notice of the results of its investigation of the LVNV tradeline.

50. The Equifax notice shows that the LVNV tradeline was verified by Equifax and by LVNV as accurate.

-7-

51. The notice from Equifax also showed that LVNV was continuing to report the account as a collection account, with a current balance owing of $5,705.

52. In February 2010, Plaintiff again disputed the LVNV tradeline Experian, and attached to his letter of a copy of the Kyrene Justice Court's order showing the LVNV case dismissed "with prejudice."

53. Upon information and belief, upon receipt of Plaintiff's dispute letter, Experian contacted LVNV concerning Plaintiff's dispute.

54. Upon information and believe, Experian did not send LVNV a copy of the Kyrene Justice Court's order dismissing the LVNV case with prejudice.

55. Upon information and belief, LVNV verified to Experian that its tradeline on Plaintiff was accurate as reported.

56. On February 24, 2010, Experian sent Plaintiff a notice that Experian was unable to use the information Plaintiff provided with his dispute, and that it would be contacting the source of the information, and would send Plaintiff the results of that investigation.

57. Plaintiff never received notice from Experian concerning the results of its investigation of his February 2010 dispute.

- 8 -

58. In April 2010, Plaintiff had located a home that was within his pre-approval budget and entered into a purchase agreement.

59. On April 26, 2010, Plaintiff's mortgage company pulled a tri-merge credit report to finalize the financing of his home purchase.

60. Because of the lowered credit scores in the April tri-merge credit report, Plaintiff was denied final financing for his home purchase.

61. The April 26, 2010 credit report reflected that LVNV was continuing to report the tradeline as a current collection account, with a balance owing of $5,705.

62. On May 3, 2010, Plaintiff filed a complaint with the Arizona Attorney General's office concerning LVNV's continued reporting of the account to the consumer reporting agencies despite the fact that the Kyrene Justice Court had dismissed the LVNV lawsuit with prejudice.

63. Upon information and believe, the Attorney General's office forwarded Plaintiff's dispute to LVNV.

64. On May 27, 2010, LVNV, through it collection agency, Resurgent, responded to Plaintiff's complaint.

65. This was Resurgent's first communication with Plaintiff concerning the LVNV debt.

66. The May 27, 2010 letter from Resurgent stated:

> "Resurgent outsources collection efforts to third-party collection agencies and collection attorneys. Mr. Smythe's Citibank account (reference number 120784969) has never been outsourced to a collection attorney; therefore, no legal action has been taken on this account. However, his BOA account (reference number 126738343) was outsourced to The Law Office of Paul Guglielmo ("Guglielmo") in February 2007. Guglielmo filed suit against Mr. Smythe in Kyrene Justice Court under case number CC2007-064614 on April 5, 2007. We have confirmed with Guglielmo that the case was dismissed *without* prejudice on August 3, 2007. If Mr. Smythe has documentation showing otherwise, he may submit it to us for review."

67. On July 28, 2010, Plaintiff sent the Attorney General's office a copy of the Kyrene Justice Court's Order dismissing the case with prejudice.

68. Upon information and belief, the Attorney General forwarded the copy of the Kyrene Justice Court's order to Resurgent.

69. On October 27, 2010, Plaintiff obtained a copy of his credit report from Equifax.

70. This Equifax report reflected that LVNV was continuing to report its tradeline as an open account, with a balance owing of $6,188.

71. On October 27, 2010, Plaintiff obtained a copy of his credit report from Experian.

72. This Experian report reflected that LVNV was

- 10 -

1    continuing to report its tradeline as an open

2    account, with a balance owing of $6,188.

3    73. On or about October 30, 2010, Plaintiff sent a

4        dispute letter to Resurgent with a copy of the

5        Kyrene Justice Court Order showing that the case had

6        been dismissed <u>with</u> prejudice.

7    74. On December 3, 2010, Resurgent sent Plaintiff a

8        collection letter stating "Enclosed please find

9        validation of the debt that verifies the debt

10       [sic]."

11   75. The "verification" attached to Resurgent's letter

12       was a statement attached to the letter which said:

13                    **Validation of Debt**
                      **December 3, 2010**
14                    **Douglas W Smythe**

15           As of the date of this communication,
             you owe $6,265.51 on Account number
16           4427100022418151 which is now owned by
             LVNV Funding LLC. Should you desire to
17           payoff the account in full, you should
             contact   us   at   1-888-665-0374   to
18           determine the payoff balance as
             interest, payments, credits, fees,
19           and/or other permissible charges can
             continue to cause your account balance
20           to vary from day to day.

21   76. On December 8, 2010, Plaintiff again obtained a tri-

22       merged credit report from his mortgage broker

23       showing what each of the three national consumer

24       reporting agencies were reporting on Plaintiff.

25   77. This tri-merged credit report showed that LVNV was

- 11 -

1    continuing to report its tradeline to both Equifax

2    and Experian as a current collection account with a

3    balance owing of $6,238.

4  78. On December 21, 2010, Resurgent sent Plaintiff

5    another collection letter demanding payment on the

6    LVNV account.

7  79. Despite repeated disputes to the consumer reporting

8    agencies, and disputes directly with Resurgent, LVNV

9    continues to report its tradeline to Experian and

10   Equifax as a collection account, with a current

11   balance owing.

12  80. Despite provided proof that the Kyrene Justice Court

13   case brought by LVNV against Plaintiff was dismissed

14   with prejudice, LVNV, through its collection agency

15   Resurgent, continues to attempt to collect the

16   alleged debt from Plaintiff.

17  81. Defendants Experian, Equifax and LVNV have continued

18   to report inaccurate, derogatory and improper

19   information and failed to retract, delete and/or

20   suppress inaccurate, derogatory and improper

21   information about the Plaintiff, as described more

22   fully herein.

23  82. As a result and proximate cause of Defendants'

24   actions, Plaintiff has suffered actual damages,

25   including, but not limited to, loss of credit

- 12 -

1   opportunities, denial of credit, and emotional
2   distress.

### V.   Causes of Action

#### a. Fair Debt Collection Practices Act

5   83.  Plaintiff repeats, realleges, and incorporates by
6        reference the foregoing paragraphs.
7   84.  Defendants LVNV's and Resurgent's violations of the
8        FDCPA include, but are not necessarily limited to,
9        15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(5),
10       1692e(8), 1692e(10), 1692f, and 1692g.
11  85.  As a direct result and proximate cause of Defendants
12       LVNV's and Resurgent's actions in violation of the
13       FDCPA, Plaintiff has suffered actual damages.

#### a.   Fair Credit Reporting Act

15  86.  Plaintiff repeats, re-alleges, and incorporates by
16       reference the foregoing paragraphs.
17  87.  Defendant LVNV failed to conduct a reasonable
18       investigation of Plaintiff's disputes it received
19       from Experian and Equifax, and otherwise failed to
20       comport with FCRA § 1681s-2(b).
21  88.  As a result of Defendant LVNV's actions, Plaintiff
22       has been damaged.
23  89.  Defendants Experian and Equifax failed to conduct a
24       reasonable investigation of Plaintiff's disputes,
25       and otherwise failed to comport with FCRA § 1681i.

90. Defendants Experian and Equifax have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

91. Defendants Experian and Equifax have willfully, or alternatively, negligently, violated FCRA § 1681i.

92. As a direct result and proximate cause of Experian's and Equifax's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, higher insurance rates, and / or loss of opportunity.

93. As a result of Defendants' negligent failure to comply with the FCRA, Defendants are each liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

94. As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in

1    an amount equal to the sum of (1) any actual damages

2    sustained by Plaintiff as a result of the failure or

3    damages of not less than $100.00 and not more than

4    $1,000.00 for each such violation; (2) such amount

5    of punitive damages as the court may allow; and (3)

6    the costs of this action together with reasonable

7    attorneys' fees.

8                    **VI.   DEMAND FOR JURY TRIAL**

9        Plaintiff hereby demands a jury trial on all issues

10   so triable.

11                    **VII.   PRAYER FOR RELIEF**

12       WHEREFORE, Plaintiff requests that judgment be

13   entered against Defendants for:

14       a)   Actual damages under the FCRA, or in the

15            alternative, statutory damages of $1,000 per

16            violation pursuant to FCRA § 1681n and/or *o*;

17       b)   Actual damages under the FDCPA;

18       c)   Statutory damages under the FDCPA;

19       d)   Punitive damages pursuant to FCRA § 1681n;

20       e)   Costs and reasonable attorney's fees pursuant to

21            FCRA §§ 1681n and/or *o*; and

22       f)   Such other relief as may be just and proper.

23

24

25

1

2      DATED   February 16, 2011  .

3

4                          s/ Floyd W. Bybee
                           Floyd W. Bybee, #012651
5                          **BYBEE LAW CENTER, PLC**
                           2473 S. Higley Road
6                          Suite 104-308
                           Gilbert, AZ  85295-3023
7                          Office: (480) 756-8822
                           Fax: (480) 302-4186
8                          floyd@bybeelaw.com

9                          Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25